UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| BRIAN DeLAPAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: 4:09-cv-00026-AS-PRC |
| ) | |
| MAGNIFIQUE PARFUMES AND ) | |
| COSMETICS, INC. d/b/a PERFUMANIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

The matter is before the Court on the Motion to Dismiss (Doc. No. 6) filed by Magnifique Parfumes and Cosmetics, Inc. d/b/a Perfumania ("Defendant") on April 20, 2009. Defendant seeks to dismiss the Complaint filed on March 25, 2009 by Brian DeLapaz ("Plaintiff" or "Mr. DeLapaz") alleging a violation of the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), a violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), and a state law claim of breach of the Indiana Wage Claim Act, I.C. 22-2-9-1 *et. seq.* ("IWCA"). Jurisdiction over the federal claims is premised on 28 U.S.C. § 1331, and supplemental jurisdiction over the state claim is established under 28 U.S.C. § 1367.

The parties have briefed the issues, and for the reasons that follow, the Motion to Dismiss (Doc. No. 6) the Complaint is **DENIED IN PART (with leave to refile) AND GRANTED IN PART**.

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- S.Ct. ---, 2009

WL 1361536 at *12 (U.S. May 18, 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. *See also Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (reasoning that a complaint must allege facts to state a claim to relief that is plausible on its face) (citing *Bell Atl. Corp.*, 550 U.S. at 544).

In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). But the court admits only allegations of fact, and is not required to accept legal conclusions. *Fries v. Helsper,* 146 F.3d 452, 456 (7th Cir. 1998). After identifying the allegations that are entitled to the presumption of truth, the court next determines if those factual allegations plausibly suggest an entitlement to relief. *Ashcroft*, 2009 WL 1361536 at *14.

A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Under the federal pleading rules, a plaintiff is not limited to or bound by the legal characterizations of his claims contained in the complaint. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Yet, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but

it has not "show[n]"-"that the pleader is entitled to relief." *Ashcroft*, 2009 WL 1361536 at *13 (citing Fed. R. Civ. P. 8(a)(2)).

## II. Factual Background

Mr. DeLapaz was hired by Defendant in August 2008 as a Manager of the Lafayette, Indiana store. Complaint, ¶ 11. During the course of his employment, Mr. DeLapaz suffered a severe injury to his foot which required surgery. Complaint, ¶ 13. On December 26, 2008, Mr. DeLapaz made a request to his immediate supervisor, Victoria Burton ("Ms. Burton"), for time off from work in order to have the foot surgery. Complaint, ¶ 14. Despite the fact that Mr. DeLapaz was meeting or exceeding the Defendant's legitimate performance expectations, Ms. Burton requested that he turn in his store keys and terminated his employment. Complaint, ¶¶ 12, 15.

Mr. DeLapaz claims that the Defendant acted in bad faith when it unlawfully interfered with his rights under the FMLA, by denying his request to take FMLA leave for the foot surgery and terminating his employment after he asserted his rights. Complaint, ¶¶ 18-21. Mr. DeLapaz further alleges that such actions by the Defendant were intentional, willful, and in reckless disregard to his rights as protected by ERISA. Complaint, ¶¶ 23-25. The Defendant's failure to pay Mr. DeLapaz vacation and sick pay wages within ten (10) days of his termination constitutes a substantial and material breach of the IWCA. Complaint, ¶¶ 27-29.

Mr. DeLapaz suffered damages as a result of Defendant's unlawful actions in violation of the FMLA, ERISA, and the IWCA, and claims entitlement to an award of compensatory, consequential, liquidated, and treble damages, as well as lost wages, benefits, and compensation, statutorily penalties and attorney's fees under I.C. 22-2-5-2, and pre and post judgment interest. Complaint, ¶¶ 22, 26, 30, 31, A-G.

## III. Discussion

**(A)  FMLA**

Defendant motions for the dismissal of Count I alleging a violation of the FMLA because Mr. DeLapaz is not an "eligible employee" under the FMLA. In response, Mr. DeLapaz acknowledged that he does not contest the motion to dismiss with respect to the FMLA claim. Plf.'s Resp., p. 1, n.1.

Under the FMLA, eligible employees are entitled to 12 weeks unpaid leave per year for various reasons, including a "serious health condition" rendering the employee unable to perform his or her job. *Kauffman v. Federal Exp. Corp.*, 426 F.3d 880, 884 (7th Cir. 2005) (citing 29 U.S.C. § 2612(a)(1)(D)). To ensure this entitlement, the Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. § 2615(a)(1).

As defined by the FMLA, the term "eligible employee" means an employee who has been employed for at least 12 months by the employer, or for at least 1,250 hours of service with the employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A). The Seventh Circuit previously held that "[t]he statutory text is perfectly clear and covers the issue [of leave eligibility]. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months." *Pirant v. U.S. Postal Service*, 542 F.3d 202, 206 (7th Cir. 2008) (citing *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000)).

In the Complaint, Mr. DeLapaz alleges that he was hired by Defendant in August 2008, and requested FMLA leave on December 26, 2008. Mr. DeLapaz has submitted no evidence to refute the accuracy of those dates. Mr. DeLapaz's eligibility under the FMLA does not turn on any issues of credibility or evidence-weighing, but is established (or not) by the time he worked. Because Mr.

DeLapaz only worked for Defendant for approximately five (5) months at the time he requested leave, he is not an "eligible employee" under the FMLA and cannot be afforded relief under the same. As such, the Motion to Dismiss Count I of the Complaint for a violation of the FMLA is **GRANTED**.

**(B)   ERISA**

Defendant motions for the dismissal of Count II alleging violations of §§ 502(a)(1)(B) and 510 of ERISA[1] because Mr. DeLapaz failed to put Defendant on notice of the claims he alleges, Perfumania is not the proper defendant, and/or because § 510 is not cognizable under § 1132(a)(3) because the relief sought is not equitable.

Looking at Mr. DeLapaz's Complaint and Response to the Motion to Dismiss, the Court can see that it focuses on the Defendant's failure to give Mr. DeLapaz the benefits under a health plan that he had been promised. This is precisely the kind of claim that ERISA § 502(a) allows plan participants to bring. *See McDonald v. Household Intern., Inc.,* 425 F.3d 424, 429 (7th Cir. 2005) That section reads as follows, in pertinent part: "A civil action may be brought (1) by a participant or beneficiary. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 502(a).

Mr. DeLapaz was an employee of the Defendant from August 2008, at least until the time of his foot injury and his need for surgery in December 2008. ERISA defines the term "participant" to mean "any employee or former employee of an employer. . . who is or may become eligible to

---

[1]   The Complaint does not identify the specific provisions of ERISA upon which Plaintiff seeks relief; however, Mr. DeLapaz's Response to the Motion does so.

receive a benefit of any type from an employee benefit plan which covers employees of such employer. . ." ERISA § 3(7), 29 U.S.C. § 1002(7). Under the statute, assuming he was a participant, he could have sued to compel the provision of benefits due to him under § 502(a). *McDonald,* 425 F.3d at 429 (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117 (1989)).

As an alleged plan participant at the time of his injury whose benefits were allegedly wrongfully denied, depending on the terms of the plan, he may have a claim for reimbursement of the benefits he should have received. While the pleadings are scant, and Defendant correctly notes that Mr. DeLapaz's claim does not identify the existence of the alleged health or benefit plan, whether he applied for any benefits under the Plan, or whether a determination was ever made regarding any application for benefits, this Court cannot assume at this juncture that Perfumania is not the proper defendant, nor can the Court summarily dismiss the ERISA claim— without allowing further exploration into the claim.

The Court finds that the more appropriate action at this time, rather than dismissal of Mr. DeLapaz's ERISA claim, is to allow time to amend the complaint and more specifically plead his ERISA claim. Therefore, this Court finds that Mr. DeLapaz has up to and including Friday, July 31, 2009 to file an Amended Complaint. Failure to file an Amended Complaint against the proper defendant that complies with the requirements of notice pleading and includes the specifics set forth herein, may result in dismissal of the action. As such, Defendant's Motion to Dismiss Count II of the Complaint is **DENIED with leave to refile** if necessary, once an Amended Complaint is filed, or after July 31, 2009 if no such Amended Complaint is filed.

**(C)    IWCA**

Defendant motions for the dismissal of Count III alleging a violation of the IWCA because

Mr. DeLapaz failed to satisfy the statutory prerequisites prior to filing the instant lawsuit. In response, Mr. DeLapaz acknowledged that he also does not contest the motion to dismiss with respect to the IWCA claim. Plf.'s Resp., p. 1, n.1.

Pursuant to I.C. 22-2-9-2, an employer is required to pay an employee who has been separated from the payroll unpaid wages or compensation to which the employee is entitled. I.C. 22-2-9-1. However, I.C. 22-2-9-4 provides:

> It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. . . [and] [t]he commissioner of labor may refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to the practice of law in Indiana. . .

I.C. 22-2-9-4.

The IWCA does not provide a civil claimant a direct private cause of action, nor can one be brought unless the employee's claim is first reviewed by the Commissioner of Labor. *See St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) (reasoning that claimants who proceed under this statute may not file a complaint with the trial court, but rather, the wage claim is submitted to the Indiana Department of Labor). Because Mr. DeLapaz has not indicated his compliance with the statutory prerequisites, he has stated no claim for relief under the IWCA. The Motion to Dismiss Count III of the Complaint for a violation of the IWCA is **GRANTED**.

### IV. Conclusion

The Motion to Dismiss (Doc. No. 6) filed by Defendant Magnifique Parfumes and Cosmetics, Inc. d/b/a Perfumania is **DENIED with leave to refile with respect to Count II** (ERISA

claim) **and GRANTED with respect to Counts I and III** (FMLA and IWCA claims).

As such, Plaintiff Brian DeLapaz's only surviving claim is Count II under ERISA, and he has up to and including **Friday, July 31, 2009** to file an Amended Complaint as to that claim in order to properly state a claim for relief. Each party to bear its own costs.

**SO ORDERED.**

**DATED: June 3, 2009**

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
